IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01438-RM-KLM

CHRISTOPHER THOMAS,

    Plaintiff,

v.

HYUNDAI CAPITAL AMERICA,
SRA ASSOCIATES, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
EQUIFAX, INC., and
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Equifax Information Services, LLC and Equifax Inc.'s **Motion to Dismiss** [#10][1] (the "Motion"). Plaintiff filed a Response [#18] in opposition to the Motion, and Defendants Equifax Information Services, LLC and Equifax, Inc. (collectively, "the Equifax Defendants") filed a Reply [#21]. The Motion has been referred to the undersigned for a recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L.CivR 72.1(c). *See* [#28]. The Court has reviewed all briefing on the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully

---

[1] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

-1-

**RECOMMENDS** that the Motion [#10] be **GRANTED**.

## I. Background

In 2014, Plaintiff[2] leased a Hyundai Veloster ("Vehicle") from Shortline Automotive, Inc. ("Shortline"). *Compl.* [#1] ¶ 9. Plaintiff alleges that he signed several documents related to the Vehicle but did not receive a copy of the contract. *Id.* ¶¶ 10-11. Shortline, which is not a party to the suit, assigned Plaintiff's contract to Defendant Hyundai Capital America d/b/a Hyundai Motor Finance ("HMF").[3] *Id.* ¶ 14. Defendant HMF serviced the contract and accepted loan payments from Plaintiff for thirty-five months. *Id.* ¶ 15. On September 17, 2017, Defendant HMF sent Plaintiff a statement indicating that Plaintiff's balance on the account was -$0.07 for overpayment during the lease term. *Id.* ¶ 17. Defendant HMF also told Plaintiff that the Vehicle would be subject to an independent inspection for excess wear and usage. *Id.* ¶ 19.

On October 19, 2017, Defendant HMF sent Plaintiff a letter indicating that he owed an additional $623.42 for excess wear and use, a $400 Disposition Fee, and $81.87 in sales/use tax ("Tax Fee") (collectively, the "Fees"). *Id.* ¶ 20. Plaintiff sent Defendant HMF a letter requesting information about the Fees, a line-item accounting of the excess wear and use fee, and a copy of the contract. *Id.* ¶¶ 22-23. Plaintiff did not recall a Disposition Fee being provided for under the contract and therefore requested information regarding the contractual basis for the Disposition Fee. *Id.* ¶ 24. In response, Defendant HMF sent

---

[2] Plaintiff is apparently an attorney who is representing himself in this matter. *See, e.g., Response* [#18] at 11. Accordingly, Plaintiff's pleadings are not entitled to the deference generally accorded to pro se litigants. *Baldwin v. United States*, No.11-cv-02033-MSK-KLM, 2012 WL 7051296, at *1 n.1 (citing *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)).

[3] Defendant HMF and Plaintiff filed a Notice of Settlement [#39] on October 1, 2018.

-2-

Plaintiff an itemized list of defects and overdue repairs for which Plaintiff allegedly owed $623.42, but did not send Plaintiff a copy of the contract. *Id.* ¶¶ 26-28. Plaintiff then sent a check for $623.42, the amount owed for excess wear and use, to Defendant HMF indicating in the check's memo line that the check constituted payment in full. *Id.* ¶¶ 29-30. Defendant HMF accepted Plaintiff's check and referred the collection of the remaining Fees to a collection agency, Defendant SRA Associates, LLC ("SRA").[4] *Id.* ¶¶ 31, 33.

Defendant SRA sent Plaintiff a letter demanding payment of $481.80, which is the total of the unpaid Fees minus the lease term overpayment of -$.07. *Id.* ¶ 34. Plaintiff told Defendant SRA that he would not pay the amount demanded because, "HMF has already accepted payment by accord and satisfaction, the additional fees were not provided in the contract, no copy of the contract was provided to [ ] Plaintiff, and sales tax is not collectible without a nexus between the good/service and the consumer." *Id.* ¶ 35.

In February of 2018, Plaintiff was notified that derogatory information had been reported on consumer reports from Defendant Experian Information Solutions, Inc. ("Experian"), the Equifax Defendants, and TransUnion, LLC ("TransUnion"), which is not a party to this action. *Id.* ¶ 38. The consumer reports indicated an overdue balance of $481 due to Defendant HMF. *Id.* ¶¶ 38-39. In response, Plaintiff sent a letter to the Equifax Defendants, Defendant Experian, and Transunion disputing the derogatory information on their corresponding consumer reports. *Id.* ¶¶ 41, 45. As a result of the derogatory information, American Express closed Plaintiff's business credit card and demanded full payment of the outstanding balance. *Id.* ¶¶ 42-43. Plaintiff's credit score

---

[4] Defendant SRA and Plaintiff filed a Notice of Settlement [#39] on October 1, 2018.

also fell by approximately fifty points due to the derogatory information. *Id.* ¶ 44.

TransUnion ultimately determined that the information provided by Defendant HMF was unsubstantiated. *Id.* ¶ 45. On March 8, 2018, the Equifax Defendants notified Plaintiff that the dispute review was complete and that the derogatory information provided by Defendant HMF would not be removed from Plaintiff's consumer report. *Id.* ¶ 46. The Equifax Defendants' letter stated that, "you may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name, and address of the furnisher of information contacted, and if reasonably available the telephone number." *Id.* ¶ 47; *Exhibit J* [#1-10].[5] Plaintiff requested a description of the Equifax Defendants' procedures used to determine the accuracy and completeness of the derogatory information, but the Equifax Defendants did not respond. *Id.* ¶¶ 49-50. Plaintiff asserts that he has been "chasing the underlying contract for months, first asking [Defendant] HMF, then [Defendant] SRA, then [the] Equifax [Defendants] and [Defendant] Experian." *Id.* ¶ 55.

Plaintiff's Complaint [#1] asserts two claims against the Equifax Defendants, both of which arise under the Fair Credit Reporting Act ("FCRA"): (1) violation of 15 U.S.C. § 1681i(a)(1)(A) for failure to conduct a reasonable reinvestigation (Claim 13), and (2) violation of 15 U.S.C. § 1681i(a)(7) for failure to provide a description of the reinvestigation procedures (Claim 14). *Id.* ¶¶ 215-216, 220, 223-227. Plaintiff seeks compensatory damages, court costs, attorneys' fees, pre- and post-judgment costs, as well as a declaration stating that, "(1) the Disposition Fee is not collectible under the contract; (2) the

---

[5] The Court may consider all documents attached as exhibits to the Complaint. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Tax Fee is not collectible under the contract or any other provision of law; and (3) the contract was satisfied in full pursuant to the doctrine of accord and satisfaction." *Compl.* [#1] at 30-31.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor

does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

#### A. Claim 13: Failure to Conduct a Reasonable Reinvestigation

First, Plaintiff claims that the Equifax Defendants failed to conduct a reasonable reinvestigation as required by the FCRA pursuant to 15 U.S.C. § 1681i(a)(1)(A). *Compl.* [#1] ¶¶ 216, 220. The Equifax Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff cannot establish an essential element of his claim, "that Equifax reported inaccurate information regarding the Hyundai account." *Motion* [#10] at 5.

Under 15 U.S.C. § 1681i(a)(1)(A), consumer reporting agencies (CRAs)[6] must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from

---

[6] Defendant Equifax, Inc. contests the Motion [#10] on the ground that it is not a consumer reporting agency, and therefore, it is not a proper party to the suit because the FCRA does not apply to it. However, even assuming, arguendo, that Equifax, Inc. is a CRA for purposes of the FCRA, the Court determines that Plaintiff has failed to state a claim, as discussed below.

the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute . . . ." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1241-1242 (10th Cir. 2015). To prevail on a § 1681i(a) claim, a plaintiff must prove that: (1) the CRA failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report was, in fact, inaccurate; (3) the plaintiff suffered injury; (4) the CRA's failure caused the injury; and (5) the plaintiff informed the CRA about the inaccuracy. *Id.* at 1239,1242. Plaintiff asserts that the Equifax Defendants[7] failed to conduct a reasonable reinvestigation after he disputed the derogatory information on his report. *Compl.* [#1] ¶¶ 217, 219-220.

The Equifax Defendants argue that Plaintiff's claim fails because he cannot establish element two, i.e. that the report in question was, in fact, inaccurate. *Motion* [#10] at 5. They assert that "it is undisputed that [Defendant HMF] did seek payment and that Plaintiff refused to make payment and, therefore, if [the Equifax Defendants] reported that the account was delinquent, the information was accurate." *Id.* The Equifax Defendants further aver that Plaintiffs' claims "are premised on the contention that [the Equifax Defendants] had a duty to evaluate Plaintiff's contract dispute with Hyundai and determine that Plaintiff and not Hyundai had the better position." *Id.* at 4. The Equifax Defendants contend that they did not have a duty to adjudicate the dispute between Plaintiff and Defendant HMF. *Id.* at 5.

"Although § 1681i(a) does not define the term 'reasonable reinvestigation,' courts

---

[7] Plaintiff's Complaint asserts that "*Experian* failed to conduct a reasonable reinvestigation." *Compl.* [#1] ¶ 220 (emphasis added). This appears to be a typographical error since this claim is asserted solely against the Equifax Defendants. Accordingly, the Court assumes Plaintiff meant the Equifax Defendants.

have consistently held a reasonable reinvestigation requires more than 'making only a cursory investigation into the reliability of information that is reported to potential creditors.'" *Wright v. Experian Info. Sols.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (citation omitted). However, "a reasonable reinvestigation . . . does not require CRAs to resolve legal disputes about the validity of the underlying debts they report." *Id.* (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 892 (9th Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the validity of consumer debts."); *DeAndrade v. TransUnion LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA")). Accordingly, the Equifax Defendants were not required to determine the validity of the underlying debts involved in the now settled dispute between Plaintiff and Defendant HMF.

Plaintiff does not aver that the Equifax Defendants merely made a cursory review of the dispute. *See generally Compl.* [#1]. Instead, Plaintiff asserts that "based solely on the result of the reinvestigation and Equifax's failure to describe the process, . . . Plaintiff believes that [the Equifax Defendants] failed to conduct a reasonable reinvestigation." *Id.* ¶ 220. Plaintiff's assertion that the Equifax Defendants failed to conduct a reasonable reinvestigation is therefore apparently solely rooted in his disagreement with the Equifax Defendant's findings, i.e., that the information provided by Defendant HMF was accurate. For the Equifax Defendants to have found that the information provided by Defendant HMF was inaccurate, they would have had to determine that Plaintiff did not owe the Fees claimed by Defendant HMF under their contract. Resolving the contract dispute is something that the Equifax Defendants were not equipped or required by law to do.

*Wright*, 805 F.3d at 1242.

Therefore, the Court finds that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff does not allege that the Equifax Defendants reported inaccurate information. Instead, Plaintiff alleges that he did not actually owe the amount that Defendant HMF reported. However, the Equifax Defendants are not required to resolve legal disputes about the underlying debt they report. *Id.* ("[A] reasonable reinvestigation . . . does not require CRAs to resolve legal disputes about the validity of the underlying debts they report.").

Accordingly, the Court respectfully **recommends** that Plaintiff's Count 13 be **dismissed with prejudice.** *See Seni v. Peterschmidt*, No. 12-cv-00320-REB-CBS, 2015 WL 849212, at *1 (D. Colo. Feb. 25, 2015) (stating that a court may dismiss a complaint with prejudice "upon a showing of . . . futility of amendment.") (citations omitted).

## B. Claim 14: Failure to Provide Description of Procedures

Plaintiff also asserts that the Equifax Defendants violated 15 U.S.C. § 1681i(a)(7) of the FCRA, which requires CRAs to provide consumers with a description of the procedures used in reinvestigating a dispute. *Compl.* [#1] ¶¶ 227-228. The Equifax Defendants argue that "because Plaintiff cannot show an inaccuracy, he cannot prevail on his secondary FCRA claim, that Equifax failed to provide him with a description of the reinvestigation procedures." *Motion* [#10] at 5 n.2.

Under § 1681i(a)(7), a CRA must provide a consumer with a description of the procedure used to determine the accuracy and completeness of the disputed information within fifteen days of receiving a request. Plaintiff alleges that after receiving the Equifax

Defendants' reinvestigation results, he requested a description of the procedures used in the reinvestigation, but that the Equifax Defendants did not respond. *Compl.* [#1] ¶ 227.

The Equifax Defendants argue that Plaintiff's claim here fails for the same reasons that Claim 13 fails, i.e., he cannot show that the information the Equifax Defendants provided in the consumer report was inaccurate. *Motion* [#10] at 5 n.2. The Equifax Defendants reject Plaintiff's claim that a CRA "could be held liable for failure to provide a description of the procedures used to verify information if the information was accurate." *Id.* (drawing an inference from *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1100 (N.D. Cal. 2008), aff'd 615 F.3d 1217 (9th Cir. 2009)). While the parties have not directed the Court's attention to any Tenth Circuit case addressing this issue, and the Court has found none, other courts have held that inaccuracy of a consumer report is required for a viable claim under 15 U.S.C. § 1681i. *See, e.g.*, *Brooks v. Midland Credit Mgmt.*, No. WDQ-12-1926, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) ("Inaccurate information is an element of a claim under §§ 1681e(a) and 1681i(a)."); *Brown v. Experian*, No. 12-CV-2048-JKB, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) ("In order to state a claim for failure to comply with § 1681e(b), [p]laintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a)."); *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1100 (N.D. Cal. 2008), aff'd 615 F.3d 1217 (9th Cir. 2009) ("Where the disputed entry was accurate, a description of the reporting agencies' reinvestigation procedures, no matter how through or detailed, would not have served any purpose.") (citations omitted).

The requirement that a plaintiff allege that a CRA provided inaccurate information is "consistent with the purposes of the FCRA, which is focused on preventing inaccurate

credit reports from harming individual subjects of those reports." *Alston v. Equifax Info. Sers., LLC*, TDC-13-1230, 2016 WL 5231708, at *7 (D. Md. Sep. 21, 2016). Because Plaintiff has not sufficiently alleged that the Equifax Defendants' report contained inaccurate information, he has also failed to adequately allege a necessary element for the § 1681i(a)(7) claim requiring a description of the procedure used. "A plaintiff who cannot state a claim for inadequate reinvestigation procedures logically cannot state a claim for failure to provide notice of alleged defects in those procedures." *Carvalho*, 588 F. Supp. 2d at 1100.

Therefore, the Court finds that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff does not sufficiently allege that the Equifax Defendants reported inaccurate information, and the Equifax Defendants are not required to provide descriptions of procedures involving accurate information.

Accordingly, the Court respectfully **recommends** that Plaintiff's Count 14 be **dismissed with prejudice.** *See Seni*, 2015 WL 849212, at *1.

### IV.  Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that the Motion [#10] be **GRANTED**, and that Plaintiff's Counts 13 and 14 be **DISMISSED with prejudice**.

IT IS **ORDERED** that pursuant to pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 9, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge