IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-01438-RM-KLM

CHRISTOPHER THOMAS,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, and
EQUIFAX, INC.,

    Defendants.

---

## ORDER
---

This matter is before the Court on the October 9, 2018, Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 41) to grant Defendants' motion to dismiss (ECF No. 10). Plaintiff objected to the recommendation (ECF No. 46), and Defendants responded (ECF No. 49). The magistrate judge's recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I.     LEGAL STANDARDS

The Court reviews de novo any part of a magistrate judge's recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). An objection is proper if it is timely and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, conclusory allegations are insufficient. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted).

## II.  BACKGROUND

According to the complaint, Plaintiff leased a vehicle under a contract that was assigned to Hyundai Motor Finance ("HMF"). (ECF No. 1 at ¶¶ 9, 14.) Plaintiff did not miss any lease payments. (*Id.* at ¶ 16.) When Plaintiff returned the vehicle, HMF assessed an additional $623.42 for excess wear and use, a $400 "disposition fee," and $81.87 in taxes. (*Id.* at ¶ 20.) Plaintiff paid the $623.42 but not the other amounts. (*Id.* at ¶¶ 29, 35.) Plaintiff was later notified that the consumer report maintained by Defendants reported an overdue balance of $481.

(*Id.* at ¶ 38.) This lowered Plaintiff's credit score and resulted in the closure of his business credit card account. (*Id.* at ¶¶ 42, 43.)

Plaintiff asserts that Defendants violated two provisions of the Fair Credit Report Act ("FCRA"). First, he contends that Defendants violated 15 U.S.C. § 1681i(a)(1)(A), which requires a consumer reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" when a consumer notifies it of a dispute. Second, he contends that Defendants violated 15 U.S.C. § 1681i(a)(7), which requires a consumer reporting agency to provide, at the consumer's request, a description of the procedure used to determine the accuracy and completeness of the information in the consumer's file.

The magistrate judge determined that Plaintiff's first claim fails because he does not allege that Defendants reported inaccurate information, and even though he contends he is not obligated to pay the additional amount assessed by HMF, Defendants were not required to resolve that underlying legal dispute. The magistrate judge further determined that Plaintiff's second claim fails because he does not allege that Defendants reported inaccurate information and "Defendants are not required to provide descriptions of procedures involving accurate information." (ECF No. 41 at 11.)

Plaintiff does not object to the factual background as recited by the magistrate judge. He argues that the magistrate judge erred by (1) not applying the correct definition of inaccurate; (2) misapplying case law defining the reasonableness of reinvestigations; (3) requiring Plaintiff to allege that Defendants found the information to be inaccurate; (4) concluding that he alleged Defendants had found the information to be accurate; (5) ruling that amendment of the complaint would be futile; and (6) imposing a requirement that the information being reinvestigated be

3

inaccurate to trigger Defendants' obligation to provide a description of its reinvestigation procedure.

## III.  DISCUSSION

"[C]redit reporting agencies are not tribunals.  They simply collect and report information furnished by others.  Because [credit reporting agencies] are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010).  Under the FCRA, "[a] reasonable investigation . . . does not require [credit reporting agencies] to resolve legal disputes about the validity of the underlying debts they report." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015).  Thus, although Plaintiff undoubtedly has a dispute with HMF, he cannot collaterally attack its assessment of a disposition fee and taxes by bringing a FCRA claim against Defendants.

With this principle in mind, Plaintiff's objections are easily disposed of.  First, the fact that Plaintiff disagrees with HMF's assessment does not render it "inaccurate."  Instead, whether HMF's assessment is valid turns of questions that can only be resolved by a court of law.  That means the dispute does *not* turn on a factual inaccuracy that could have been uncovered by a reasonable reinvestigation. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (stating that had a court ruled the underlying mortgage invalid, *then* plaintiff would have grounds for a potential FCRA claim).  Second, a reasonable investigation does not entail resolving an underlying legal dispute.  "[R]einvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Carvalho*, 629 F.3d at 892.  Third, in the

4

absence of inaccurate information, a claim under § 1681i is not cognizable. *See DeAndrade*, 523 F.3d at 67 ("[W]ithout a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."). Fourth, in the absence of inaccurate information being reported, it is immaterial whether Defendants found the information to be accurate. *See id.* ("The FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information."). Fifth, Plaintiff has identified no additional facts that would be sufficient to state a FCRA claim. Sixth, in the absence of inaccurate information, a description of the reinvestigation serves no purpose. *See id.*

Plaintiff's objections are overruled. The Court further concludes that the magistrate judge's analysis was thorough and sound with respect to the determinations Plaintiff did not object to. And the Court discerns no clear error on the face of the record. Accordingly, the Court agrees with the recommendation to dismiss Plaintiff's claims.

## IV. CONCLUSION

The Court OVERRULES Plaintiff's objection (ECF No. 46), AFFIRMS and ADOPTS the magistrate judge's recommendation (ECF No. 41), GRANTS Defendants' motion to dismiss (ECF No. 10), DENIES AS MOOT all other pending motions (ECF Nos. 32, 36), and ORDERS the Clerk to enter JUDGMENT in favor of Defendants and CLOSE the case.

DATED this 27th day of February, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge